**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2200**

DICK GORAN MALMGREN,

　　　　　　Petitioner - Appellant,

　　　v.

LISHA CHEVONNE MALMGREN,

　　　　　　Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cv-00287-BO)

Submitted:  December 28, 2018　　　　　　　　　　Decided:  January 16, 2019

Before KING and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Derrick J. Hensley, LAW OFFICE OF DERRICK J. HENSLEY, PLLC, Chapel Hill, North Carolina, for Appellant.  Lisha Chevonne Malmgren, Raleigh, North Carolina, Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dick Goran Malmgren ("the father") filed a petition for the return of his daughter under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention" or "Convention"), and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 *et seq.* (2012), against Lisha Chevonne Malmgren ("the mother"). The district court determined that the child had been wrongfully removed from Sweden, her country of habitual residence, but because she was well settled in the United States, the court denied the petition and did not order that the child be returned to Sweden. On appeal, the father argues that the court erred as a matter of law in finding that it could apply the "well-settled" defense under Article 12 of the Hague Convention. The father also contends that, even if the court retained discretion to consider the defense, the court abused its discretion in weighing the equities. We vacate and remand for further proceedings consistent with this opinion.

"The goals of the Hague Convention are 'to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and . . . to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.'" *Smedley v. Smedley*, 772 F.3d 184, 186 (4th Cir. 2014) (quoting Convention, art. 1, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 98). The primary purpose of the Hague Convention is to "preserve the status quo and to deter parents from crossing international boundaries in search of a more sympathetic court." *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001) (internal quotation marks omitted). While the Convention does not permit courts to consider underlying custody claims,

2

courts can consider whether the removal of the child is wrongful because it breaches a parent's right of custody. *Smedley*, 772 F.3d at 186. If the removal or retention of the child "is found wrongful . . . the child must be returned unless certain defenses apply." *Id.* at 186-87; *see also* Convention, arts. 12, 13, 20.

We review the district court's factual findings for clear error and review de novo the court's conclusions regarding principles of domestic, foreign, and international law. *Bader v. Kramer*, 484 F.3d 666, 669 (4th Cir. 2007). Article 12 of the Convention directs that when a child has been wrongfully removed or retained, the Contracting State shall order the prompt return of a child to his or her country of habitual residence if less than a year has elapsed between the wrongful removal or retention and the commencement of the proceeding, unless one of the enumerated exceptions applies. Convention, art. 12. If the petition is not filed within one year of the child's removal, the court "shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment." *Id.* "[F]or a child to be settled within the meaning of the Convention, the child must have significant connections demonstrating a secure, stable, and permanent life in his or her new environment." *Alcala v. Hernandez*, 826 F.3d 161, 170 (4th Cir. 2016).

The "well-settled" defense, however, is not applicable if the petition was filed within one year after the wrongful removal or detention. Article 12 states "[t]he general rule that when a court receives a petition for return within one year after the child's wrongful removal, the court shall order the return of the child forthwith." *Lozano v. Alvarez*, 572 U.S. 1, 5 (2014) (internal quotation marks omitted); *see also Miller*, 240

3

F.3d at 402 n.14 (finding that "the 'well-settled' defense [] has no application" because "the petition was filed within a year of the wrongful removal").

Here, the district court found that the father established that the child was wrongfully removed from her habitual place of residence in violation of his custody rights. *See Bader v. Kramer*, 445 F.3d 346, 349 (4th Cir. 2006) (in order to secure return of child, petitioner must prove child was wrongfully removed). Nevertheless, the court allowed the mother to establish that the child is now well settled in the United States, reasoning that it could consider this defense because the father unreasonably delayed in filing the petition for return even though it was filed within the one-year period. Finding that it had equitable discretion to consider the mother's "well-settled" defense even when the petition was filed within one year of the wrongful removal, the court determined that the mother established this defense and thereby denied the father's petition.

The district court's finding that it could consider the "well-settled" defense even if the petition was filed within the one-year timeframe is not supported by the Convention or case law analyzing the relevant articles. *See* Convention, art. 12; *Lozano*, 572 U.S. at 5. It is mandatory under Article 12 that if the court determines that the petition for return is filed within one year of removal, with exceptions that are not relevant here, the child must be returned to her country of habitual residence. *Miller*, 240 F.3d at 402 n.14. Accordingly, we vacate the district court's order denying the petition for return and direct the district court on remand to expeditiously grant the petition for return and order the prompt return of the child to Sweden, her country of habitual residence.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*